NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY



CHINA SHIPPING AGENCY, INC.,

        Plaintiffs,

v.

SOUTHWESTERN CARRIERS, INC.

        Defendant.

3-09CV0589-0

CIVIL ACTION NO. 08-3024 (JLL)

OPINION AND ORDER

Pending before this Court is a motion to dismiss for lack of personal jurisdiction filed by Defendant Southwestern Carriers, Inc. ("Southwestern" or "Defendant"). (Docket Entry # 5.) Having considered Plaintiff China Shipping Agency, Inc.'s ("Plaintiff") response, the Court decides the motion on the papers pursuant to Fed. R. Civ. P. 78. Defendant's motion is granted, and the matter is transferred to the Northern District of Texas.

**I.   Facts**

This action arises out of Plaintiff's delivery of Defendant's goods and Defendant's subsequent failure to remit payment. Specifically, Plaintiff alleges that "certain goods belonging to defendant were delivered to plaintiff who arranged and assumed common carrier responsibility to dray, load, pack and transport [D]efendant's goods to the port(s) of destination designated by defendant pursuant to the contract(s) of carriage entered between plaintiff and defendant." (Compl. ¶ 7.) Defendant agreed to pay "all freight, drayage, loading and other charges incident to the transportation of defendant(s)' goods to their ultimate destinations." (Id. ¶ 8.) Finally, the actual contract of carriage between Plaintiff and Defendant is the "bill of lading." (Id. ¶ 9.)

Upon fulfilling its obligation to deliver the goods to an international destination specified by Defendant, Plaintiff billed Defendant $ 41,059. (Id. ¶¶ 10-12.) Defendant has not yet remitted payment; therefore, Plaintiff brings the present action for collection of the monies allegedly owed.

Defendant interposes the defense of lack of personal jurisdiction. That motion is currently before the Court.

## II. Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately,

2

however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

### III. Personal Jurisdiction

#### A. Law

Pursuant to Federal Rule of Civil Procedure 4(k), this Court looks to the law of the State of New Jersey to determine the permissible scope of its exercise of personal jurisdiction. O'Connor v. Sandy Lane Hotel, Co., 496 F.3d 312, 316 (3d Cir. 2007); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("[a] federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey state law"). New Jersey Court Rule 4:4-4(c) (New Jersey's "long-arm statute") provides for jurisdiction coextensive with the Due Process Clause of the Fourteenth Amendment. Miller Yacht Sales, 384 F.3d at 96. The Due Process Clause permits a court's exercise of personal jurisdiction over a defendant that has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316-17 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Stated differently, a court can exercise jurisdiction over a non-resident defendant if "the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The plaintiff bears the burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat. Bank. v. California Fed. Sav. & Loan Assoc.,

3

819 F.2d 434 (3d Cir. 1987); see also Time Share Vacatoin Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Due process entails two distinct bases for personal jurisdiction – specific and general – which comprise "analytically different categories, not two points on a sliding scale." O'Connor, 496 F.3d at 321. General jurisdiction demands "continuous and substantial" contacts between the non-resident and the forum. Provident Nat. Bank., 819 F.2d at 437. Plaintiff, however, does not assert any sort of basis for general jurisdiction, so the Court focuses its analysis on specific jurisdiction. Specific jurisdiction calls for a three-part inquiry that analyzes: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with notions of fair play and substantial justice. O'Connor, 496 F.3d at 1317 (internal citations omitted). In conducting this inquiry, a court must take the plaintiff's allegations as true and resolve any factual disputes in the plaintiff's favor. Miller Yacht Sales, Inc., 384 F.3d at 97.

**B.  Analysis**

Defendant's motion for lack of personal jurisdiction is a mere two sentences. In those two sentences, Defendant denies that there are sufficient minimum contacts for this court to exercise jurisdiction because Defendant "is not even alleged to have done business in the state of New Jersey. The alleged shipments are not defined in the complaint and certainly do not address and concern the state of New Jersey." (Def. Br. 1.)

Plaintiff raises three related arguments in response.[1] First, Plaintiff argues that personal

---

[1] To the extent that Plaintiff argues that Defendant has failed to submit "affidavit(s) or other evidence" supporting its allegation that there are no minimum contacts with the State of New Jersey (Opp. Br., Cert. Of Counsel ¶¶ 3), that argument is misplaced. The burden for

4

jurisdiction arises from the fact that payment invoices emanated from New Jersey and payment was subsequently required to be remitted in New Jersey. (Opp. Br., Cert. Of Counsel ¶¶ 5-6.) To that effect, Plaintiff asserts that Defendant has sent prior payments – not at issue in the present suit – into the forum. (Id. ¶ 7.) Next, Plaintiff alleges that a default and/or returned check due to insufficient funds would trigger a "complaint" to be filed in New Jersey. (Id. ¶ 8.) Finally, Plaintiff highlights the fact that Defendant was contacted by a variety of New Jersey personnel – employees of Plaintiff's business, Plaintiff's collection agency, and Plaintiff's counsel. (Id. ¶ 9.)

This is an action sounding in contract. Numerous courts have held that the bill of lading issued by Plaintiff, the common carrier, serves as the contract between the parties. "In cases of common carriage, a bill of lading has a threefold purpose: It is a receipt for the cargo, it is the contract of carriage, and, when it is in negotiable form, it is an indicia of title to the cargo." Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 275 n.1 (2d Cir. 2000)(citations omitted); see also Norfolk Southern Railway Co. v. Kirby, 543 U.S. 14, 20, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004) (finding that a bill of lading is a contract which "records that a carrier has received goods from the party that wishes to ship them, states the terms of the carriage, and serves as evidence of the contract of carriage."); EF Operating Corp. v. American Bldgs., 993 F.2d 1046, 1050 (3d Cir. 1993) ([t]he bill of lading operates as both the receipt and the basic transportation contract between the shipper-consignor and the carrier...") Thus, the Court must evaluate the present motion for lack of personal jurisdiction as it applies to contract claims.

In addressing jurisdiction stemming from a contract claim, the Third Circuit has set forth

---

proving personal jurisdiction lies with the Plaintiff. Miller Yacht Sales, 384 F.3d at 97 ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants.").

5

certain considerations. First, the sheer existence of a contract is not sufficient to establish a finding of minimum contacts to support specific jurisdiction. Budget Blinds, Inc. v. White, 536 F.3d 244, 261 (3d Cir. 2008) (citing Burger King, 471 U.S. at 478) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer is clearly that it *cannot.*") (emphasis added)). Instead, courts must scrutinize the "totality of circumstances surrounding a contract," Miller, 384 F.3d at 99, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing..." Budget Blinds, 536 F.3d at 261 (citation omitted). Additionally, courts should analyze "whether defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." G.E. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). Here, none of plaintiff's alleged bases for jurisdiction establish defendant's purposeful availment with the state of New Jersey.

First, the act of mailing invoices *from* the forum state is irrelevant to the jurisdictional question. Jurisdiction, after all, is predicated on Defendant's act of purposefully availing itself of the forum; in this case, that would involve Defendant mailing an invoice to Plaintiff in New Jersey.

Next, Plaintiff argues that per the bill of lading, a complaint would have to be lodged in the State of New Jersey due to a "default and/or check returned due to insufficient funds." (Opp. Br., Cert. of Counsel ¶ 9.) Generally, courts enforce negotiated forum-selection clauses, finding them clearly relevant to the jurisdictional analysis. Burger King, 471 U.S. at 473 n.14 ("Where...forum-selection provisions have been obtained through 'freely negotiated'

6

agreement...their enforcement does not offend due process.") (internal citations omitted). However, to the extent that this is a forum-selection clause, it does not arise out of a freely negotiated contract; rather, it is contained within a standard form contract sent by Plaintiff to Defendant. Numerous courts, including the Third Circuit, have held that bills of lading are "contracts of adhesion." EF Operating Corp., 993 F.2d at 1050; Rainbow Nav., Inc. v. United States, 742 F. Supp. 171, 183 n.11 (D.N.J. 1990) ("According to maritime law, a bill of lading is interpreted as a contract of adhesion.") Thus, the fact that Plaintiff simply noted the State of New Jersey as the location in which a complaint would have to be lodged for lack of funds or for a returned check, is not the sort of "forum-selection clause" that confers jurisdiction over Defendant. Plaintiff must point to more in order to sustain its burden. It fails to do so.

Here, Plaintiff fails to point to any evidence suggesting that the contract was negotiated in New Jersey or that it contemplated the delivery of goods into New Jersey. All that Plaintiff can adduce is that payments were sent into New Jersey and that members of Plaintiff's New Jersey operations made calls and demands upon Defendant for payment of outstanding funds. At best, these contacts demonstrate Plaintiff's reaching out to a foreign state; they do not, however, concern or implicate Defendant's purposeful availement of the State of New Jersey. Without more, the simple fact that a contract of adhesion exists in which payment is sent to New Jersey and collection takes place in New Jersey falls far short of sustaining Plaintiff's burden to prove by a preponderance that this Court can properly exercise jurisdiction over an out-of-state Defendant.[2]

---

[2] To the extent that Plaintiff suggests towards the end of its opposition brief that the Court can exercise jurisdiction over Defendant because New Jersey law and Texas law are not substantively inconsistent, that contention is mistaken. (Opp. Br. 5-6.) A conflict-of-laws

7

## IV. Change of Venue

Plaintiff suggests that rather than dismissing the action, the proper course of action is to transfer venue to Defendant's home state. This Court agrees. The change-of-venue analysis is governed either by 28 U.S.C. § 1404(a) or 28 U.S.C § 1406(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). The main distinction between the two statutes is that 1404(a) "presupposes that the court has jurisdiction and that the case has been brought in the correct forum" while section 1406(a) applies when the suit has been filed in an improper forum. MIIX Ins. Co. v. Associated Women's Health Specialists, P.C., No. 07-1635, 2007 U.S. Dist. LEXIS 85274 at *14 (D.N.J. Nov. 19, 2007). Because this Court has already found personal jurisdiction over Defendant to be lacking, 1406(a) is the controlling statute for purposes of a transfer of venue. Lafferty v. Riel, 495 F.3d 72, 77 (3d Cir. 2007).

1406(a) allows a court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Supreme Court has emphasized that the broad language of Section 1406(a) signals a preference to courts to transfer rather than dismiss. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962). "The language of 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Id. at 466.

Here, Plaintiff seeks to recover $ 41,059 for services rendered over a period of about two and a half years. (Compl. ¶ 25 (A). Plaintiff should be afforded the opportunity to litigate the

---

analysis does not apply here. Either Defendant does or does not have minimum contacts with this forum. If it does not, then the fact that the laws of this forum may be similar to the laws of Defendant's home forum does not factor into the analysis.

8

merits of its claim without having to re-file its complaint, especially given the potential statute-of-limitations considerations that could come into play if this Court grants a dismissal. Pursuant to 28 U.S.C. § 1391(a)(1), venue is appropriate in the Northern District of Texas. Thus, the Court transfers this case, under 28 U.S.C. § 1406(a), to the Northern District of Texas.

## V. Conclusion

For the reasons set forth above,

**IT IS on this 18TH DAY of MARCH, 2009,**

**ORDERED** that Defendant's motion to dismiss the instant complaint for lack of personal jurisdiction is granted; and it is further

**ORDERED** that the action shall be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

**SO ORDERED.**

Jose L. Linares
United States District Judge